UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-011 (JDB) |
| : | |
| ELIZABETH SWINFORD, : | |
| : | |
| Defendant : | |

### SENTENCING MEMORANDUM

On February 16, 2006, Ms. Elizabeth Swinford, the defendant, pled guilty to Count Two of the Information filed in this case, charging her with First Degree Fraud, in violation of 22 D.C.C. § 3821(a)(1). She will appear before this Honorable Court for sentencing on May 2, 2006. Ms. Swinford, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

### Background

Ms. Swinford is a forty-five year old woman who has never been involved with the criminal justice system prior to this instant offense. She was an employee at a dental practice whereby she and another unindicted co-conspirator received financial rewards by submitting false claims to insurance companies. Approximately $35,000.00 was gained by Ms. Swinford and the unindicted co-conspirator; whereby the unindicted co-conspirator paid back approximately $26,000.00 for her role in the conduct. As soon as the agents from the FBI contacted Ms. Swinford about her role in this offense, she was completely candid about her involvement and admitted her responsibility for her role in this offense.

### Argument

As stated in the PreSentence Report, the United States Sentencing Guidelines do not

apply in this case because Ms. Swinford pled guilty to a D.C. Code offense. However, the D.C. Code has voluntary guidelines which are not binding on this Court. According to the D.C. Guidelines, based upon a criminal history category of zero and an offense level of nine, the applicable guideline range is one to twelve months. See PSR, ¶ 44, page 12. A sentence of probation is permissible given this D.C. Guideline calculation. Therefore, Ms. Swinford requests that she be given a sentence of probation.

Regardless of the non-binding D.C. Guidelines on this Court, this Court must consider the factors identified in 18 U.S.C. § 3553(a) in determining a reasonable sentence for Ms. Swinford. The factors set forth in 18 U.S.C. § 3553(a) include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in

> determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Ms. Swinford's family history, work history, lack of any criminal history, her candid admissions regarding the instant offense, as well as various emotional challenges and medical issues that Ms. Swinford has faced in her life. Further, the Court should consider the sum of restitution in this case - approximately $9,575.10. If Ms. Swinford is given a term of incarceration she will be unable to provide restitution to CNA in a timely fashion - if at all. The need to provide restitution to CNA shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Swinford.

Sentencing Ms. Swinford to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Swinford with needed educational or vocational training and medical care" while also allowing Ms. Swinford to repay CNA for her wrongdoing. See 18 U.S.C. § 3553(a).

## **Conclusion**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Swinford respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500